**In re Michael Richard WATERS, Christine Thelma Waters, Debtors.**

**Bankruptcy No. 98–20168–172.**

United States Bankruptcy Court, E.D. Missouri, Northern Division.

Aug. 17, 2000.

Joseph D. Welch, Hannibal, MO, for Debtors.

David A. Sosne, Summers, Compton, Wells & Hamburg, St. Louis, MO, trustee.

John B. Morthland, Hannibal, MO, for Reynolds Children.

### ORDER

JAMES J. BARTA, Bankruptcy Judge.

This matter is before the Bankruptcy Court on the motion of David A. Sosne ("Trustee") to approve a compromise settlement of a non-bankruptcy lawsuit wherein Michael R. Waters and Christine T. Waters ("Debtors") are Defendants. The lawsuit is now pending in the United States District Court for the Eastern District of Missouri, having been removed there by the Chapter 7 Trustee after commencement of this case. After notice of the motion was given to all creditors and parties in interest, the Debtors filed a Motion To Determine Property Of The Estate, and an Objection To Approval Of Compromise Settlement. At a hearing on these requests, Christine T. Osborne, nee Waters, ("Co–Debtor") presented testimony in support of the Debtors' motions; and Counsel for the Debtors and Counsel for the Chapter 7 Trustee provided oral arguments. This determination is based on a consideration of the record as a whole, including the Parties' post-hearing legal memoranda.

This is a core proceeding pursuant to Section 157(b)(2)(A) and (O) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334, and Rule 9.01 of the Local Rules of the United States District Court for the Eastern District of Missouri.

Notice of the Trustee's motion to approve the compromise and settlement was given to all creditors and parties in interest on October 21, 1999. The only responses submitted were the Debtors' objection and motion that are being considered here. The Trustee's motion proposes to settle and compromise the pre-bankruptcy lawsuit wherein the non-debtor Plaintiffs alleged that the Debtors had unduly influenced the Plaintiffs' deceased father to create a testamentary instrument that conveyed substantially all of his property to the Debtors rather than to the Plaintiffs (his children). There is little disagreement as to the factual background that preceded the lawsuit against the Debtors.

On about October 7, 1997, approximately six months before the commencement of this Chapter 7 case, Loren S. Reynolds ("Decedent") established an Irrevocable Living Trust ("Trust") in favor of Christine T. Waters and Michael R. Waters, Debtors here. In pertinent part, Paragraph 10 of the Trust Instrument provided as follows:

10. BENEFICIARIES AFTER DEATH OF SETTLOR: On the death of Settlor, Loren S. Reynolds, the Successor Trustee shall hold in the Trust and distribute the remaining Trust Estate to Christine T. Waters, free and clear of Trust as her absolute property.

If Christine T. Waters has predeceased Settlor then the Trustee shall hold in Trust and distribute the remaining Trust Estate to Michael R. Waters, hus-

band of Christine T. Waters as his absolute property.

Reynolds states that he has three (3) children . . . . . . . .

Exhibit C to Debtors' Memorandum filed February 23, 2000 (Document # 52).

Loren S. Reynolds died in December, 1997, approximately two months after the date of execution of the Irrevocable Trust. On an unrecalled date within seventeen (17) days thereafter, Christine Waters instructed her attorney to make demand for a distribution from the Trust Estate. On December 17, 1997, Mr. Reynolds' children filed the lawsuit against the Debtors. The Debtors filed the voluntary petition for relief under Chapter 7 on April 21, 1998.

The Debtors identified the following personal property on Schedule B in their Bankruptcy papers:

19. Wife's interest in Irrevocable Living Trust of Loren S. Reynolds—Value Unknown.

On Schedule C—Property Claimed as Exempt, the Debtors did not claim an exemption in the interest in the Reynolds Trust. During the pendency of this case, the Chapter 7 Trustee actively administered upon the assets of the estate including the interest in the Reynolds Irrevocable Trust. At no time prior to the submission of the responses to the Trustee's motion to compromise had the Debtors amended their schedules or otherwise filed a document in this case suggesting that the interest in the Irrevocable Living Trust was not property of the estate. The Debtors have now argued that their interest in the Trust did not become property of the Bankruptcy estate because of a certain beneficiary's spendthrift clause. If the interest in the Trust is not property of the estate, the Debtors argue that they need not claim an exemption under 11 U.S.C. § 522.

*Property of the Bankruptcy Estate*

■ Subject to certain specific exclusions, property of the Bankruptcy estate includes all legal or equitable interests of a debtor in property as of the commencement of the case. 11 U.S.C. § 541(a)(1). A joint case under Chapter 7 of Title 11 is commenced by the filing with the bankruptcy court of a single petition by an individual and the individual's spouse. 11 U.S.C. § 301(a). The nature and extent of a debtor's interests in property are determined by state law. *Snyder v. Dewoskin (In re Mahendra),* 131 F.3d 750, 755 (8th Cir.1997). In the matter being considered here, the Debtors have properly identified an interest in the Reynolds Irrevocable Living Trust and included such interest on the Schedule B, list of personal property. Unless otherwise excluded, such interest became property of the bankruptcy estate upon the commencement of this case.

The Trust provided that upon the death of Loren S. Reynolds, Christine Waters was to receive a distribution of the remaining Trust Estate free and clear of the Trust as her absolute property. Upon the death of Loren S. Reynolds, the Successor Trustee was to hold in trust and distribute the Trust Estate to Christine Waters. No conditions or limitations are attached to the Successor Trustee's duty to distribute the property. As of the commencement of this case, the Debtors held a right to demand distribution of the Trust Estate. The Successor Trustee had no discretion and no other authority concerning the distribution of the Trust Estate. As of the commencement of this case, Loren S. Reynolds had died and the Debtors enjoyed an interest in the Trust Estate that included the right to demand distributions and to receive the property of the Trust Estate.

*Spendthrift Provisions*

A restriction on the transfer of a beneficial interest of a debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a Bankruptcy case under Title 11. 11 U.S.C. § 541(c)(2). The Debtors have argued that the anti-alienation provisions of the trust instrument in this case created a valid spendthrift trust that prevented creditors and

the Bankruptcy Trustee from reaching trust assets. In the paragraph immediately following the paragraph that directed distribution of the Trust Estate to the Debtors, the Settlor inserted language under the heading, "Spendthrift Clause".

11. SPENDTHRIFT CLAUSE: No beneficiary of this Trust shall have any right or power to sell, assign, convey, mortgage, pledge, anticipate, hypothecate, or otherwise dispose of any right, title or interest which any said beneficiary may acquire to the income or principal of this Trust until such share or a part thereof shall have been actually paid over and delivered to said beneficiary by the Trustee. Nor shall the income or principal of this Trust be liable for or to any extent subject to any debts of any kind or character incurred by or contracted by such beneficiary before or after the death of Settlor, Loren S. Reynolds, in addition, no interest of any beneficiary in this Trust Estate shall be subject to assignment, anticipation, claims of creditors or attachment by legal process.

■ Early Missouri decisional law had defined what is necessary to create a spendthrift trust. "A spendthrift trust is one created for the support and maintenance of the beneficiary, and designed and intended by its creator to secure the trust fund or trust estate against the improvidence or incapacity of the beneficiary by protecting the same against his creditors and rendering it inalienable by him before payment or termination according to the terms and conditions of the trust." *Gentemann v. Dyer*, 140 S.W.2d 75, 78 (Mo.Ct. App.1940). The general principals of this definition have been codified in various sections under Chapter 456 of the Revised Statutes of Missouri.

Missouri law permits a settlor to restrict access to a beneficiary's interest under a trust instrument.

The settlor may provide in the terms of the trust that the interest of a beneficiary may not be either voluntarily or involuntarily transferred before payment or delivery of the interest to the beneficiary by the trustee.

Section 456.080.2, Revised Statutes of Missouri, 1994.

■ However, the *cestui qui* trust must take no estate whatever, have nothing to alienate, and have no right to possession of the trust assets. *Jamison v. Mississippi Valley Trust Co.*, 207 S.W. 788, 789 (Mo. 1918). This requirement has been adopted and refined by later state and federal court decisions. Therefore, a claim that a retirement fund was an enforceable spendthrift trust was not accepted when the beneficiary was entitled to exercise a degree of dominion and control over the funds in the retirement account. *See In re Enfield*, 133 B.R. 515, 519 (Bankr.W.D.Mo. 1991) (citations omitted). A beneficiary's ability to make voluntary contributions to a retirement plan has repeatedly been held to violate the rule against self-settled spendthrift trusts. *Enfield*, 133 B.R. at 522 (citations omitted).

■ In this matter, the trust instrument provides that the "Settlor or any other person shall have the right at anytime to make additions to the corpus of the Trust". Corrected Irrevocable Living Trust of Loren S. Reynolds, Paragraph 6, Exhibit 2, Chapter 7 Trustee's Response to Debtors' Objection, Document No. 46. To the extent that the Beneficiaries (Debtors) enjoy the ability to contribute property to the Trust, the trust is self-settled and therefore the beneficiary spendthrift trust provisions are unenforceable.

Loren S. Reynolds died prior to the Debtors filing the petition that commenced this case. To the extent that the purpose of the trust was to provide home care for Loren S. Reynolds and to avoid institutional care as long as possible, the purpose of the trust had been accomplished upon his death. Trust, paragraph 10, Exhibit 2, Document No. 46. As of the commencement of the case, Christine Waters was entitled to a distribution of the Trust Es-

tate. She held a right to demand such a distribution. She testified in this matter that shortly before Reynolds' death, she began to move onto the real estate that is part of the Trust Estate; and that after his death and prior to the commencement of this case she was living on the real estate. Although the Trust provided at paragraph 10 that title to a certain mobile home would be held in the Trust, Christine Waters testified that Loren Reynolds paid for the mobile home and titled it in his name and in her name. Deposition, Trustee's Exhibit No. 1, pages 138–141. The Debtor also testified that she was the attorney in fact for Loren Reynolds. Deposition, page 144. During the life of the Trust, the Debtors held the power to contribute to the Trust corpus at their option. The Court finds and concludes that the combination of these circumstances created the dominion and control in the Beneficiaries that defeated the enforceability of the spendthrift trust.

The Debtors' full interest in the Trust Estate became property of the Bankruptcy estate upon filing the Chapter 7 Petition. The Spendthrift Clause provisions of the trust instrument do not operate to exclude this interest from property of the Bankruptcy Estate. The Chapter 7 Trustee has vigorously administered on this asset as property of the estate. Prior to the Trustee's notice of settlement of the Bankruptcy Estate interest in the Trust Estate, the Debtors failed to challenge the Trustee's administration or to raise any issue concerning exclusion of this asset from the Bankruptcy Estate. The Debtors have failed to claim any exemption in this asset, and in these circumstances may be precluded from attempting to claim an exemption at this late stage. The Debtors' motion to determine that the interest in the Trust Estate is not property of the Bankruptcy Estate will be denied.

*Trustee's Motion*

 In the non-bankruptcy proceeding, the Chapter 7 Trustee stands in the Debtors' position with respect to the Bankruptcy Estate interest. The power to demand the distribution lies with the Trustee. He has actively investigated the nature of the challenges raised by the state court Plaintiffs; the viability of the Debtors' defenses; and the effects that an intervening liquidating Bankruptcy case can impose on a non-bankruptcy proceeding such as described here. Based on his experience and expertise, the Chapter 7 Trustee has requested compromise of the Bankruptcy Estate interest. The compromise and settlement provides in part that the Bankruptcy Estate is to receive $75,-000.00, and that the Chapter 7 Trustee will release each and every asset owned by the Decedent.

On consideration of the record as whole, and having extensively reviewed the Debtors' position as presented in this case, the Court finds and concludes that the best interests of the Bankruptcy Estate will be served by approving the Trustee's request and directing that the matter proceed to settlement without additional delay and expense that would be prejudicial to the interests of all Parties. Therefore,

**IT IS ORDERED** that this proceeding is concluded; and that the Debtors' objection to the Trustee's motion to approve a settlement is overruled; and

That the Debtors' motion to determine property of the estate is granted in part, in that all of the Debtors' interest in the Loren S. Reynolds Irrevocable Living Trust Estate is property of the Bankruptcy Estate; and that the Chapter 7 Trustee is to administer upon such interest; and

That no other objections having been presented, the Trustee's motion to approve a compromise and settlement of the Bankruptcy Estate claim concerning said Trust, including the non-bankruptcy lawsuit described in this matter is granted and the compromise and settlement is approved; and that the Trustee is to execute such documents and take such other action as is

necessary to conclude said compromise and settlement.